```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

        JUL 30 2002

         AT SEATTLE
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
              DEPUTY
```

Judge Zilly

```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

        JUL 30 2002

         AT SEATTLE
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
              DEPUTY
```

CR 02-175 #57

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,  )
        Plaintiff,  )   NO. CR02-175Z
        v  )
          )   PLEA AGREEMENT
SEMI OSMAN  )
        Defendant.  )

Comes now the United States of America, by and through John McKay, United States Attorney, and Floyd G. Short and Andrew R. Hamilton, Assistant United States Attorneys for the Western District of Washington, and the defendant, SEMI OSMAN, and his attorney, Robert M. Leen, and enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(e)

1.   The Charge  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Indictment. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document.

    a.   Possession of a Firearm with an Obliterated or Altered Serial Number, as charged in Count Two, in violation of Title 18, United States Code, Section 922(k).

2.   The Penalties  Defendant understands that the statutory penalties for the offense of Possession of a Firearm with an Obliterated or Altered Serial Number, as

PLEA AGREEMENT/OSMAN
(CR02-175Z) - 1

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  charged in Count Two, are as follows  imprisonment for up to five (5) years, a fine of up
2  to Two Hundred Fifty Thousand Dollars ($250,000 00), a period of supervision following
3  release from prison of between two (2) and three (3) years, and a One Hundred Dollar
4  ($100 00) penalty assessment  Defendant agrees that the penalty assessment shall be paid
5  at or before the time of sentencing

6  Defendant agrees that any monetary penalty the Court imposes, including the
7  special assessment, fine, costs or restitution, is due and payable immediately, and further
8  agrees to submit a completed Financial Statement of Debtor form as requested by the
9  United States Attorney's Office

10  Defendant understands that supervised release is a period of time following
11  imprisonment during which he will be subject to certain restrictions and requirements
12  Defendant further understands that if supervised release is imposed and he violates one or
13  more its conditions, he could be returned to prison for all or part of the term of supervised
14  release that was originally imposed.  This could result in Defendant serving a total term of
15  imprisonment greater than the statutory maximum stated above

16  3  <u>Rights Waived by Pleading Guilty</u>  Defendant represents to the Court that
17  he is satisfied that his attorney has rendered effective assistance  Defendant understands
18  that, by pleading guilty, he knowingly and voluntarily waives the following rights·

19  a  The right to plead not guilty, and to persist in a plea of not guilty,
20  b  The right to a speedy and public trial before a jury of Defendant's
21  peers,

22  c  The right to the effective assistance of counsel, including, if
23  Defendant could not afford an attorney, the right to have the Court appoint one for
24  Defendant,

25  d  The right to be presumed innocent until guilt has been established at
26  trial, beyond a reasonable doubt;

27  e  The right to confront and cross-examine witnesses against Defendant,
28

PLEA AGREEMENT/OSMAN
(CR02-175Z) - 2

UNITED STATES ATTORNEY
601 UNION STREET SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

      f.      The right to compel or subpoena witnesses to appear on Defendant's behalf;

      g.      The right to testify or to remain silent at trial, at which such silence could not be used against Defendant; and

      h.      The right to appeal a finding of guilt or any pretrial rulings.

4.    <u>Applicability of Sentencing Guidelines</u>.  Defendant understands and acknowledges the following:

      a.      The United States Sentencing Guidelines, promulgated by the United States Sentencing Commission, are applicable to this case;

      b.      The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

      c.      The Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

      d.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

      e.      Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

5.    <u>Estimated Guideline Calculations</u>.  Defendant and the United States agree on the following sentencing guidelines calculations:

      a.      That the base offense level for the offense of conviction, Possession of a Firearm with an Obliterated or Altered Serial Number, is a level 12;

      b.      That there should be no enhancement to Defendant's offense level for the number of firearms involved in this case;

      c.      That neither Section 3B1.1 of the Sentencing Guidelines Manual, which provides a sentencing enhancement if Defendant played an aggravating role in the offense, nor Section 3B1.2 of the Sentencing Guidelines Manual, which provides a

PLEA AGREEMENT/OSMAN
(CR02-175Z) - 3

UNITED STATES ATTORNEY
601 UNION STREET SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  sentencing reduction if Defendant played a mitigating role in the offense, are appropriate
2  in this case

3  Defendant understands and agrees that these estimated guidelines calculations are
4  not binding upon the Court, and will not restrict in any way the Court's discretion in
5  imposing sentence upon him

6  6. <u>Ultimate Sentence</u>  Defendant acknowledges that no one has promised or
7  guaranteed what sentence the Court will impose

8  7  <u>Elements of the Offense</u>  The elements of the offense of Possession of a
9  Firearm with an Obliterated or Altered Serial Number, as charged in Count Two, in
10 violation of Title 18, United States Code, Section 922(k), are as follows:

11  First, Defendant knowingly possessed a firearm,

12  Second, the serial number of the firearm had been removed, obliterated, or
13 altered,

14  Third, Defendant knew that the serial number had been removed, obliterated,
15 or altered, and,

16  Fourth, the firearm had been shipped or transported from one state to
17 another.

18  8  <u>Statement of Facts</u>  The parties agree on the following facts in support of
19 Defendant's guilty plea and for purposes of calculating the base offense level of the
20 Sentencing Guidelines  Defendant admits he is guilty of the charged offense

> On or about May 17, 2002, at his residence, Apartment E-73, 3015 North Pearl Street, Tacoma, Washington, SEMI OSMAN knowingly possessed a Smith & Wesson  40 caliber semiautomatic pistol  The pistol had its serial number obliterated, as OSMAN knew  The pistol was manufactured in Massachusetts and thus traveled from that state to the state of Washington where it was possessed by OSMAN

25  9. <u>Non-Prosecution of Additional Offenses</u>  As part of this Plea Agreement,
26 the United States Attorney's Office for the Western District of Washington agrees to move
27 to dismiss the remaining count in the Indictment at the time of sentencing and not to
28 prosecute Defendant for any additional offenses known to it as of the time of this

PLEA AGREEMENT/OSMAN
(CR02-175Z) - 4

UNITED STATES ATTORNEY
601 UNION STREET SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant acknowledges and agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all relevant conduct committed by Defendant, except as provided further herein.

Defendant agrees and acknowledges that the charge to be dismissed at the time of sentencing is based on fact and does not provide Defendant with a basis for any future claims as a "prevailing party" under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

10. <u>Additional Government Promises</u>. If Defendant fulfills his obligation to fully and completely provide truthful information to Government agents, and to fully and completely provide truthful testimony if called as a witness, the United States agrees that:

a. The United States will not seek an upward departure from Defendant's applicable sentencing guidelines range at the time of sentencing; and

b. The United States will advise in writing the Immigration and Naturalization Service, and the United States Navy, of Defendant's cooperation and assistance.

11. <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

12. <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea

PLEA AGREEMENT/OSMAN
(CR02-175Z) - 5

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1 Agreement by the Court, or (2) 30 days following the date on which a breach of the Plea
2 Agreement by Defendant is discovered by the United States Attorney's Office

3    13    <u>Post-Plea Conduct.</u> Defendant understands that the terms of this Plea
4 Agreement apply only to conduct that occurred prior to the execution of this Agreement
5 If, after the date of this Agreement, Defendant should engage in conduct that would
6 warrant an increase in Defendant's adjusted offense level or justify an upward departure
7 under the Sentencing Guidelines (examples of which include, but are not limited to,
8 obstruction of justice, failure to appear for a court proceeding, criminal conduct while
9 pending sentencing, and false statements to law enforcement agents, the probation officer
10 or Court), the United States is free under this Agreement to seek a sentencing
11 enhancement or upward departure based on that conduct

12    14    <u>Sealed Plea Agreement</u> It is further agreed that the United States and
13 Defendant will request the Court to place under seal this Plea Agreement and other
14 relevant proceedings and documents entered into the record in this matter   Both parties
15 agree that this is necessary in order to protect the personal safety of Defendant and the
16 integrity of an ongoing investigation   Both parties further agree that if the record is sealed
17 in this matter, it shall remain under seal, subject to Court approval, until one year after the
18 sentencing of Defendant or such other time as the Court might direct in response to a
19 motion made by the United States

20    15    <u>Cooperation.</u>

21    a.    Defendant shall cooperate completely and truthfully with law
22 enforcement authorities in the investigation and prosecution of other individuals involved
23 in criminal activity   Such cooperation shall include, but not be limited to, complete and
24 truthful statements to law enforcement officers, as well as complete and truthful testimony,
25 if called as a witness before a grand jury, or at any state or federal trial, retrial, or other
26 judicial proceedings   Defendant acknowledges that this obligation to cooperate shall
27 continue after Defendant has entered a guilty plea and sentence has been imposed, no
28

PLEA AGREEMENT/OSMAN
(CR02-175Z) - 6

UNITED STATES ATTORNEY
601 UNION STREET SUITE 5100
SEATTLE WASHINGTON 98101-3903
(206) 553-7970

1  matter what sentence Defendant receives. Defendant's failure to do so may constitute a
2  breach of this Plea Agreement
3       b   Defendant understands that the United States will tolerate no
4  deception from him  If, in the estimation of the United States Attorney, information or
5  testimony provided from the date of the Plea Agreement, proves to be untruthful or
6  incomplete in any way, regardless of whether the untruthfulness helps or hurts the United
7  States' case, the United States Attorney for the Western District of Washington may
8  consider that Defendant has breached this Plea Agreement.
9       c   The United States Attorney's Office for the Western District of
10 Washington, in turn, agrees not to prosecute Defendant for any other offenses, other than
11 crimes of violence, that Defendant may have committed in the Western District of
12 Washington prior to the date of this Agreement about which  (1) the United States
13 presently possesses information, or (2) Defendant provides information pursuant to this
14 Agreement to cooperate with the authorities.
15      d   The parties agree that information provided by Defendant in
16 connection with this Plea Agreement shall not be used to determine Defendant's sentence,
17 except to the extent permitted by U S S G § 1B1 8
18      e   Defendant agrees that his sentencing date may be delayed based on
19 the United States' need for his continued cooperation, and agrees not to object to any
20 continuances of his sentencing date sought by the United States
21    16   <u>Completeness of Agreement</u>  The United States and Defendant
22 acknowledge that these terms constitute the entire Plea Agreement between the parties.
23 This Agreement only binds the United States Attorney's Office for the Western District of
24 //
25 //
26 //
27
28

PLEA AGREEMENT/OSMAN
(CR02-175Z) - 7

UNITED STATES ATTORNEY
601 UNION STREET SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1 | Washington  It does not bind any other United States Attorney's Office or any other office
2 | or agency of the United States, or any state or local prosecutor

4 | DATED. This 30th day of July, 2002.

_____
SEMI OSMAN
Defendant

_____
ROBERT M LEEN
Attorney for Defendant

_____
FLOYD G. SHORT
Assistant United States Attorney

_____
ANDREW R HAMILTON
Assistant United States Attorney

PLEA AGREEMENT/OSMAN
(CR02-175Z) - 8

UNITED STATES ATTORNEY
601 UNION STREET SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970



**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

---

*Please reply to*
*Andrew R Hamilton*
*Assistant United States Attorney*
*Direct Line (206) 553-4402*

*601 Union Street, Suite 5100*
*Seattle, Washington 98101-3903*
*www usdoj gov/usao/waw*

*Tel (206) 553-7970*
*Fax (206) 553-0882*

July 30, 2002

Mr Robert M Leen
Attorney at Law
Two Union Square
601 Union Street, Suite 4610
Seattle, Washington 98101-3903
*Via fax (206) 748-7821*

    Re   United States v. Semi Osman
          No. CR02-0175Z, USDC, W.D Washington

Dear Bob

    Concerning the two points you raised in your letter yesterday (1) We have no objection to your request that the sentencing hearing in this matter be continued no later than one year from the date of Mr. Osman's arrest in this matter, and (2) We are unaware of any other District in which Mr. Osman has been targeted in a criminal investigation

    If you have any further questions, please do not hesitate to contact me

                      Yours truly,

                      JOHN McKAY
                      United States Attorney

                      */s/ Andrew R. Hamilton*

                      Andrew R Hamilton
                      Assistant United States Attorney